980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Michael E. KURTH, Debtor.
ALASKA HOUSING FINANCE CORPORATION, Appellant,
v.
Michael K. KURTH, Appellee.
 No. 91-35470.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Submission Deferred Sept. 1, 1992.
Resubmitted Dec. 8, 1992.
Decided Dec. 9, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alaska Housing Finance Corporation (AHFC) appeals the district court judgment affirming the bankruptcy court's confirmation of Chapter 13 debtor Michael Kurth's bankruptcy plan. We affirm.
 
 
 3
 On July 29, 1985, Kurth obtained a $90,000 loan from Alaska Mutual Bank in order to purchase a house in Anchorage. As security, Kurth executed a promissory note and deed of trust to the bank which subsequently assigned the obligation to appellant AHFC. At the time Kurth filed his Chapter 13 petition, he owed approximately $88,000 to AHFC. Because of a downturn in the Alaskan real estate market, however, the parties stipulated that the fair market value of the residence was only $46,000. The bankruptcy court, following the mandate of our decision in Hougland v. Lomas & Nettleton Co. (In re Hougland), 886 F.2d 1182 (9th Cir.1989), "stripped down" AHFC's secured claim to $46,000, the remainder becoming unsecured debt that was modifiable under section 1322(b)(2) of the Bankruptcy Code. The bankruptcy court confirmed Kurth's plan on April 13, 1990. AHFC appealed to the district court arguing that Hougland should be overruled and the debt should not have been bifurcated into secured and unsecured portions. Noting that it could not overrule a circuit court opinion, the district court affirmed the bankruptcy court because, as AHFC conceded, Hougland controlled. AHFC appeals to this court, also urging us to overturn Hougland. We reject AHFC's arguments and affirm.
 
 
 4
 * We recently reaffirmed our Hougland decision in Lomas Mortgage USA v. Wiese, Nos. 91-36082 and 91-36173, slip op. 14069 (9th Cir. Dec. 4, 1992). In Hougland, this court held that section 1322(b)(2) of the Bankruptcy Code permitted a Chapter 13 debtor to modify a residential mortgagee's rights in the unsecured portion of its claim, as defined by section 506(a). Hougland, 886 F.2d at 1183-84. As we stated in Wiese, Hougland was correctly decided and we found no reason to upset its holding. Wiese, slip op. at 14076. Therefore, AHFC's claims are without merit.
 
 
 5
 Although AHFC spends a great deal of energy discussing the legislative history behind section 1322(b)(2), we need not delve into that here because the statute can be interpreted on its face. Id. at 14077. We also reject AHFC's contention that lenders will be subject to unfair treatment and will face "absurd results" if Hougland is to stand. Id.
 
 II
 
 6
 AHFC also contends that lien avoidance violates the Takings Clause of the Fifth Amendment. However, as we stated in Wiese, because AHFC failed to raise this issue both in the bankruptcy court and in the district court, it has waived that issue. Id. at 14082-83.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3